UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

MICHAEL HOLLINS,

    Plaintiff,

vs.

GREG MUNKS, et. al.,

    Defendants.

No. C 13-5083 PJH (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a detainee at Maguire Correctional Facility has filed a pro se civil rights complaint under 42 U.S.C. § 1983.[1] Plaintiff's original complaint was dismissed with leave to amend and he has filed an amended complaint (Docket No. 16) and a second amended complaint (Docket No. 17). The court has reviewed both complaints.

## DISCUSSION

### A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary;

---

[1] Plaintiff has filed fourteen cases in this court in the last few months, several with overlapping claims.

the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff alleges that jail staff used excessive force against him and medical staff did not properly treat his injuries.

When a pretrial detainee challenges conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). The Due Process Clause protects a post-arraignment pretrial detainee from the use of excessive force that amounts to punishment. *See Graham v. Conner*, 490 U.S. 386, 395 n. 10 (1989) (citing *Bell v. Wolfish*, 441 U.S. 520, 535–39 (1979)); *see also Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1197 (9th Cir. 2002). The Ninth Circuit has stated the

2

factors a court should consider in resolving a due process claim alleging excessive force. *White v. Roper*, 901 F.2d 1501, 1507 (9th Cir. 1990). These factors are (1) the need for the application of force, (2) the relationship between the need and the amount of force that was used, (3) the extent of the injury inflicted, and (4) whether force was applied in a good faith effort to maintain and restore discipline. *Id.*

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.[2] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *Id.* at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. *Id.* at 1059-60.

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious

---

[2] Even though pretrial detainees' claims arise under the Due Process Clause, the Eighth Amendment serves as a benchmark for evaluating those claims. *See Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996) (8th Amendment guarantees provide minimum standard of care for pretrial detainees). The Ninth Circuit has determined that the appropriate standard for evaluating constitutional claims brought by pretrial detainees is the same one used to evaluate convicted prisoners' claims under the Eighth Amendment. "The requirement of conduct that amounts to 'deliberate indifference' provides an appropriate balance of the pretrial detainees' right to not be punished with the deference given to prison officials to manage the prisons." *Redman v. County of San Diego*, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc) (citation omitted).

harm exists," but he "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012) (citing *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)); Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011). A plaintiff must also show that the supervisor had the requisite state of mind to establish liability, which turns on the requirement of the particular claim — and, more specifically, on the state of mind required by the particular claim — not on a generally applicable concept of supervisory liability. *Oregon State University Student Alliance v. Ray*, .699 F.3d 1053, 1071 (9th Cir. 2012).

Plaintiff's original complaint was dismissed with leave to amend to identify the defendants who used excessive force against him and provide more information regarding the lack of appropriate medical care. He has failed to cure the deficiencies described by the court.

As defendants, plaintiff identifies the Sheriff of San Mateo County, Greg Munks, who was not present during the incident and Sgt. Dallimonti who was present but did not utilize any excessive force. Plaintiff has failed to demonstrate any involvement on behalf of Munks, thus he is dismissed. Plaintiff states that Dallimonti approached his cell and said he wanted to talk. Plaintiff responded that he did not want to talk. Dallimonti then instructed the jail emergency response team to go into plaintiff's cell and "get his ass." In his amended complaints, plaintiff fails to describe any actions of the emergency response team. That Dallimonti instructed other officers to go into plaintiff's cell, fails to state a constitutional deprivation against Dallimonti. Plaintiff states that he was later placed in

4

mechanical restraints for 10 hours, but again fails to identify any defendants who were responsible. Plaintiff also states Doctor Carrie failed to treat him, but provides no additional information. The amended complaint will be dismissed with leave to amend to cure the deficiencies discussed by the court. Plaintiff's motion to appoint counsel is denied for the same reasons that his prior request was denied on January 2, 2014.[3]

      Plaintiff has also filed a motion for a preliminary injunction to obtain medical care. "A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'" *Lopez v. Brewer, et al.*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citation omitted) (emphasis in original). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

      Plaintiff's motion for a preliminary injunction will be dismissed as similar to his complaint he has failed to present sufficient allegations to meet the high threshold for such relief. Plaintiff states he was taken to the hospital for an enlarged testicle following the excessive force incident in December 2012. Plaintiff states doctors told him he would need surgery, but it was never scheduled. Plaintiff was later transferred to Napa State Hospital but does not describe if he received medical treatment for his testicle or what treatment he received upon returning to Maguire Correctional Facility. Simply stating that a doctor advised surgery that was not provided without describing the surgery in question or any other medical care is insufficient. Should plaintiff file an amended complaint with cognizable claims, he may renew his motion for injunctive relief.

**CONCLUSION**

---

[3] The court notes that plaintiff has appealed to the Ninth Circuit the denial of the motion to appoint counsel.

5

1. The amended complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The second amended complaint must be filed no later than **April 11, 2014**, and must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference.

2. The motion to conduct discovery (Docket No. 18) is **DENIED** as no defendant has been served.

3. The motion to appoint counsel (Docket No. 19) is **DENIED**.

4. The motion for a preliminary injunction (Docket No. 22) is **DENIED**.

5. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: March 6, 2014.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.13\Hollins5083.dwlta2.wpd