UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

MICHAEL HOLLINS,

    Plaintiff,

vs.

GREG MUNKS, et. al.,

    Defendants.

No. C 13-5083 PJH (PR)

**ORDER OF SERVICE AND DENYING MOTIONS**

Plaintiff, a detainee incarcerated at Maguire Correctional Facility has filed a pro se civil rights complaint under 42 U.S.C. § 1983.[1] Plaintiff's amended complaint was dismissed with leave to amend and he has filed a second amended complaint (Docket No. 25).

**DISCUSSION**

**A.   Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary;

---

[1] Plaintiff has filed fourteen cases in this court in the last six months, several with overlapping claims.

the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff alleges that jail staff used excessive force against him and medical staff did not properly treat his injuries.

When a pretrial detainee challenges conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). The Due Process Clause protects a post-arraignment pretrial detainee from the use of excessive force that amounts to punishment. *See Graham v. Conner*, 490 U.S. 386, 395 n. 10 (1989) (citing *Bell v. Wolfish*, 441 U.S. 520, 535–39 (1979)); *see also Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1197 (9th Cir. 2002). The Ninth Circuit has stated the

2

factors a court should consider in resolving a due process claim alleging excessive force. *White v. Roper*, 901 F.2d 1501, 1507 (9th Cir. 1990). These factors are (1) the need for the application of force, (2) the relationship between the need and the amount of force that was used, (3) the extent of the injury inflicted, and (4) whether force was applied in a good faith effort to maintain and restore discipline. *Id.*

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.[2] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *Id.* at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. *Id.* at 1059-60.

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious

---

[2] Even though pretrial detainees' claims arise under the Due Process Clause, the Eighth Amendment serves as a benchmark for evaluating those claims. *See Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996) (8th Amendment guarantees provide minimum standard of care for pretrial detainees). The Ninth Circuit has determined that the appropriate standard for evaluating constitutional claims brought by pretrial detainees is the same one used to evaluate convicted prisoners' claims under the Eighth Amendment. "The requirement of conduct that amounts to 'deliberate indifference' provides an appropriate balance of the pretrial detainees' right to not be punished with the deference given to prison officials to manage the prisons." *Redman v. County of San Diego*, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc) (citation omitted).

harm exists," but he "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012) (citing *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)); Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011). A plaintiff must also show that the supervisor had the requisite state of mind to establish liability, which turns on the requirement of the particular claim — and, more specifically, on the state of mind required by the particular claim — not on a generally applicable concept of supervisory liability. *Oregon State University Student Alliance v. Ray*, .699 F.3d 1053, 1071 (9th Cir. 2012).

Plaintiff states that several correctional officers entered his cell and injured him while attempting to subdue him and charge him with a disciplinary violation from an incident that occurred the day before. He states that Correctional Officer Veley was holding plaintiff's right foot and bent three of plaintiff's toes so far back that they were severed at the base and bleeding badly. Sec. Am. Compl. at 9. Plaintiff states that Correctional Officers Ferrario and Alonso were holding his legs and Alonso kneed plaintiff in the groin injuring his testicle. Plaintiff was then placed in a restraint chair device for ten and a half hours. This claim is sufficient to proceed against Veley, Ferrario and Alonso.

The allegations against Sgt. Dallimonti in his role as a supervisor fail to state a claim as plaintiff has not shown a sufficient connection between Dallimonti's actions and the constitutional violation. While Dallimonti ordered the other defendants to enter plaintiff's cell, there are no indications that he ordered them to injure plaintiff. Plaintiff also states that a nurse observed his foot bleeding but failed to treat it and did not properly document the

4

incident. He provides no other information regarding the nurse's involvement and these bare allegations fail to state a claim.

**CONCLUSION**

1. Plaintiff's motions for an expert (Docket No. 28) and discovery (Docket No. 29) are **DENIED** as premature. Plaintiff's motions to amend (Docket No. 27) and for service (Docket No. 30) are **DENIED** as unnecessary. All defendants are **DISMISSED** for the reasons set forth above except Veley, Ferrario and Alonso.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, copies of the second amended complaint (Docket No. 25) with attachments and copies of this order on the following defendants: Correctional Officers Veley, Ferrario and Alonso at Maguire Correctional Facility.

3. In order to expedite the resolution of this case, the court orders as follows:

    a. No later than sixty days from the date of service, defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendant is of the opinion that this case cannot be resolved by summary judgment, she shall so inform the court prior to the date her summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

    b. At the time the dispositive motion is served, defendants shall also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

    c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date the motion was served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING,"

which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988). If defendants file a motion for summary judgment claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

    d.  If defendant wishes to file a reply brief, she shall do so no later than fifteen days after the opposition is served upon her.

    e.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

  4. All communications by plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

  5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

  6. It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

  **IT IS SO ORDERED.**

Dated: June 11, 2014.

                 PHYLLIS J. HAMILTON
                 United States District Judge

G:\PRO-SE\PJH\CR.13\Hollins5083.serve.wpd

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case. You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions. If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.