UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

MICHAEL HOLLINS,

    Plaintiff,

v.

GREG MUNKS, et. al.,

    Defendants.

No. C 13-5083 PJH (PR)

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This is a civil rights case brought pro se by a former detainee at Maguire Correctional Facility. Plaintiff presents claims of excessive force by several correctional officers. The defendants, Veley, Ferrario, and Alonso, filed a motion for summary judgment on October 8, 2014. Plaintiff has not filed an opposition or otherwise communicated with the court despite defendants filing an additional notice of plaintiff's non opposition on November 25, 2014.[1] The court will still look to the merits of the motion and for the reasons set forth below, the motion for summary judgment is granted.

**DISCUSSION**

**Complaint**

In the operative second amended complaint, plaintiff alleges that several correctional

---

[1] Plaintiff filed fourteen civil rights cases in the past year. Several were dismissed and plaintiff proceeded with six cases. However, plaintiff has not responded to motions or orders in any of his cases that require a response. Mail sent to plaintiff at Maguire Correctional Facility has been returned to the court as undeliverable since August 2014 because jail officials report that plaintiff is no longer in custody. *See, e.g., Hollins v. Munks*, No. C 13-6013 PJH (PR). Several of plaintiff's cases were dismissed for failure to respond to court orders or because mail was undeliverable and plaintiff had not provided an updated address pursuant to local rules. In *Hollins v. Munks*, No. C 13-5035 PJH, plaintiff failed to file an opposition to a motion for summary judgment but the court still looked to the merits of the motion and granted summary judgment.

officers entered his cell and injured him while attempting to subdue him for booking regarding a disciplinary violation from an incident that occurred the day before. Plaintiff alleges that defendants never told him why they were there or asked him to submit to restraints. Sec. Am. Compl. at 8. He states that defendant correctional officer Veley was holding plaintiff's right foot and bent three of plaintiff's toes so far back that they were severed at the base and bleeding badly. Sec. Am. Compl. at 9. Plaintiff states that correctional officers Ferrario and Alonso were holding his legs and Alonso kneed plaintiff in the groin injuring his testicles. Plaintiff states he was then placed in a restraint chair device for ten and a half hours.

**Motion for Summary Judgment**

### A.     Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Id.*

### B.     Excessive Force

"After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v.*

2

*Albers*, 475 U.S. 312, 319 (1986) (omission in original) (internal quotation marks omitted). Whenever prison officials stand accused of using excessive force in violation of the Eighth Amendment, the deliberate indifference standard is inappropriate. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992). Instead, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Id.* at 6-7; *Whitley*, 475 U.S. at 320-21.

In determining whether the use of force was for the purpose of maintaining or restoring discipline, or for the malicious and sadistic purpose of causing harm, a court may evaluate the need for application of force, the relationship between that need and the amount of force used, the extent of any injury inflicted, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. *Hudson*, 503 U.S. at 7; *see also Spain v. Procunier*, 600 F.2d 189, 195 (9th Cir. 1979) (guards may use force only in proportion to need in each situation); *see, e.g.*, *Furnace v. Sullivan*, 705 F.3d 1021, 1027 (9th Cir. 2013) (reversing district court's grant of defendants' motion for summary judgment because plaintiff's evidence that guards emptied two pepper spray canisters at him when he put his hands on his cell's food port opening raised a disputed issue of material fact regarding whether he posed a threat that justified defendants using pepper spray); *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002) (pepper spraying fighting inmates a second time after hearing coughing and gagging from prior spray was not malicious and sadistic for purpose of causing harm, where initial shot of spray had been blocked by inmates' bodies).

**C.     Facts**

The court has reviewed defendants' motion for summary judgment and plaintiff's verified second amended complaint. The following facts are undisputed, unless otherwise noted. Defendants have included a video of the incident. While the video is helpful, much of the incident cannot be seen due to other correctional officers in the way of the camera as they were attempting to subdue plaintiff.

On December 16, 2012 plaintiff was in the custody of Maguire Correctional Facility.

Motion for Summary Judgment ("MSJ") at 9. Several guards and members of the Emergency Response Team ("ERT") arrived at plaintiff's cell that day to remove him and book him regarding an incident from the day before. *Id.* Defendants Veley, Ferrario, and Alonso were part of the ERT.

Contrary to plaintiff's assertions in the complaint, the video reflects that guards told plaintiff to put his hands through the food port of the door so he could be handcuffed. Due to plaintiff's refusal to be handcuffed the ERT entered plaintiff's cell. Plaintiff was lying prone on his bunk with his hands under his torso. MSJ at 9. Plaintiff was repeatedly told to provide his hands, but he refused to comply. Plaintiff was placed on the floor, but continued to keep his hands from being handcuffed. MSJ at 9. The defendants used compliance techniques to gain control of plaintiff's hands to handcuff him and then removed him from the cell. *Id.*

Although plaintiff's foot was bleeding from a small cut, his toes were not severed as stated in the complaint. Plaintiff was seen by two different nurses. *Id.* at 10. Plaintiff alleges in the complaint that he was kneed in the groin which injured his testicles and required surgery. It is not clear from the video if plaintiff was struck in the groin area, though it is possible that this occurred while he was refusing to be handcuffed. However, on several occasions prior to the incident, plaintiff told medical staff of problems with his testicles and that he suffered from Epididmyitis.[2] MSJ at 10-11; Kole Decl. ¶5. Plaintiff reported testicular problems several times in October and November 2012. *Id.*

Once plaintiff was removed from the cell, he was placed in a special restraint chair and immobilized. MSJ at 9. It is a plastic chair with a foot rest and back rest. *Id.* at 11. The back rest is slightly tilted so the subject is seated in a reclining position. *Id.* The chair is equipped with straps to secure the subject's shoulders, waist, arms, and legs so the torso and extremities are immobilized. *Id.*

Plaintiff spent nearly eleven hours in the chair. MSJ at 12. Medical staff evaluated

---

[2] Epididmyitis is the inflamation of the back of the testicle most often caused by a sexually transmitted disease. MSJ at 10.

4

him at least once every hour, monitoring his status and condition, and offered him fluids at least every two hours. *Id*. Plaintiff refused the fluids because he stated he was on a hunger strike. *Id*. He also refused his medication. *Id*. During his time in the chair, plaintiff never complained of injury or pain. *Id*. A jail mental health official checked on plaintiff within eight hours of his first being placed in the chair and was able to verbally engage plaintiff after nine hours. *Id*. at 13. Plaintiff did not want to leave the chair and refused fluids and his medication. *Id*.

In addition to being observed by medical staff, correctional officers checked on plaintiff approximately every fifteen minutes. *Id*. Plaintiff was repeatedly asked if he would comply with instructions and allow himself to be fingerprinted and booked regarding the prior incident, but plaintiff refused to answer. *Id*. On many occasions, plaintiff's extremities were unstrapped and jail officials exercised plaintiff's extremities. *Id*. at 11, 13. On some occasions, plaintiff allowed his extremities to be exercised, but on other occasions he resisted. *Id*. Plaintiff eventually agreed to comply with orders and was released from the chair and was fingerprinted and booked without incident.[3] *Id*. at 13. Defendants did not place plaintiff in the restraint chair as a means of punishment or to cause harm. *Id*. at 21. On August 6, 2014, plaintiff pled guilty to five assaults committed during his detention at Maguire Correctional Facility. *Id*. at 14.

**D.   Analysis**

As noted above, plaintiff has not filed an opposition or otherwise communicated with the court, but the court has still reviewed his verified complaint in considering the motion for summary judgment. It is undisputed that plaintiff was provided an opportunity to be handcuffed before defendants entered the cell, but he did not comply. It is also undisputed that plaintiff did not allow defendants to handcuff him once they entered his cell. While there was not a clear line of sight for key moments when the defendants entered the cell, the video supports defendants' statements. The video does not reflect force being used

---

[3] The video shows plaintiff being released from the chair and he did not describe any pain or injuries.

5

maliciously or sadistically; rather, defendants used force to handcuff plaintiff. Although plaintiff's foot was bleeding from a cut, his toes were not severed as he stated in the complaint. If a defendant did knee plaintiff in the groin, the evidence does not show that there was a malicious intent; rather, it occurred at some point during the scuffle when plaintiff was refusing to be handcuffed. While plaintiff states that he required surgery for his testicles, it is undisputed that plaintiff was previously complaining of testicular pain and Epididmyitis. Defendants have met their burden in demonstrating the absence of a genuine issue of material fact. Plaintiff has failed to meet his burden to set forth specific facts showing that there is a genuine issue for trial. Therefore, summary judgment is granted to defendants regarding the claim of excessive force in removing plaintiff from his cell.

The undisputed facts also demonstrate that plaintiff was kept in the restraint chair for nearly eleven hours. The only allegations in the complaint state that plaintiff was kept in the chair for longer than jail regulations allow, but there are no allegations of any injury. While an earlier complaint alleged that plaintiff did not have food or water, plaintiff does not refute that he was offered fluids and medication but declined. It is also undisputed that plaintiff was checked regularly by correctional officers, medical officials, and mental health staff and his arms and legs were untied on several occasions to allow movement. It is also undisputed that plaintiff was uncooperative when officials asked if plaintiff would cooperate if he was released from the chair.

In a related context, the use of safety cells "to control violent or self-destructive inmates" is not a per se constitutional violation. *Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1315 opinion amended on denial of reh'g, 75 F.3d 448 (9th Cir. 1995) (policy of using safety cells for suicidal and mentally disturbed inmates was not unconstitutional). The use of safety cells for purely punitive purposes, however, may rise to the level of a constitutional violation. *Id.*

In this case, there is no indication that the restraint chair was utilized to punish plaintiff. *See Dalluge v. Coates*, 341 F. App'x 310, 310-11 (9th Cir. July 27, 2009). Based on the lack of evidence to support use of the chair as punishment and in light of the lack of

any injury and the fact that plaintiff was continually monitored and refused to cooperate in order to be released from the chair, summary judgment is granted for defendants. *See Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 667-68 (7th Cir. 2012) (summary judgment in favor of defendants affirmed where prisoner kept in restraint chair for 18 hours); *Stanfill v. Talton*, 851 F. Supp. 2d 1346, 1358, 1371-76 (M.D. Ga. 2012) (summary judgment in favor of defendants where pretrial detainee died after 12 hours in restraint chair); *Birdine v. Gray*, 375 F. Supp. 2d 874, 881 (D. Neb. 2005) (judgment in favor of defendants where pretrial detainee kept in restraint chair for 10 hours).[4]

## CONCLUSION

1. The motion for summary judgment (Docket No. 43) is **GRANTED**.

2. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: February 5, 2015.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.13\Hollins5083.sj.wpd

---

[4] Because the court has not found a constitutional violation, the qualified immunity argument will not be addressed.